MARTIN, Circuit Judge,
concurring:
I concur in the majority’s analysis of the state action immunity issue but write separately to elaborate on its assumption that the challenged ordinance is preempted by Section 1 of the Sherman Act. See Majority Op. at 814.
The majority’s discussion of the “second key principle” suggests that preemption may be found only when the challenged statute or ordinance conflicts with Section 1 on its face. Slip. Op. at 813 (citing Rice v. Norman Williams Co., 458 U.S. 654, 661, 102 S.Ct. 3294, 3300, 73 L.Ed.2d 1042 (1982)). As the Supreme Court stated in Rice, this occurs when the “conduct contemplated by the statute is in all cases a per se violation.” Rice, 458 U.S. at 661, 102 S.Ct. at 3300 (emphasis added in part). If in at least one case, the conduct must be analyzed under the rule of reason, the law, in the abstract, does not conflict with Section 1. Id.
But federal preemption may also be found when a plaintiff challenges particular applications of a state or local law. Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law, ¶211& & n. 93, at 372-73, ¶ 221, at 42 (3rd ed. 2006). Such an “as applied” challenge asks whether a particular application of the law conflicts with Section 1 in that it results-in a restraint of trade that is either per se illegal or illegal under the rule of reason. The two-part Midcal test for state action immunity thus applies not only to a law that conflicts with Section 1 on its face, as the majority suggests, but also to a law that conflicts with Section 1 only in its application.[1] Id.
*817 As the majority correctly notes, we need not consider whether state action immunity applies unless the statute or ordinance conflicts with the Sherman Act. Majority Op. at 813-14 & n.2. Thus, with respect to facial challenges, there is no need to engage in the immunity inquiry if the challenged statute or ordinance does not result in a per se illegal restraint of trade in all cases. Rice, 458 U.S. at 662 n. 9, 102 S.Ct. at 3301 n. 9. This is true because absent such a finding a facial challenge fails as a matter of law. See id. at 661-62 & n. 9, 102 S.Ct. at 3300 & n. 9 (“Analysis under the rule of reason requires an examination of the circumstances underlying a particular economic practice, and therefore does not lend itself to a conclusion that a statute is facially inconsistent with federal antitrust laws.”).
But the same is not true when the plaintiff brings an “as applied” challenge. This is because the success of an “as applied” challenge does not turn on a finding that all applications of the challenged law would be per se illegal. Thus, we must go further and ask whether the challenged statute or ordinance, as it is applied to the plaintiff, results in a restraint of trade that is either per se illegal or unlawful under the rule of reason. Only if we answer that question affirmatively does it become necessary to consider whether state action immunity applies.
The majority is correct that we may assume without deciding that the county’s ordinance conflicts with Section l.[2] The majority is also correct in noting that Danner and Gateway have been less than clear in describing their challenge to the county’s ordinance as facial, “as applied,” or both.[3] To the extent they bring a facial challenge, I therefore assume that the challenged conduct constitutes (1) a hybrid restraint that is (2) a per se violation of Section 1 in all cases. Insofar as plaintiffs are making an “as applied” challenge, I assume that the challenged conduct constitutes (1) a hybrid restraint that is (2) either per se illegal or unlawful under the rule of reason. In either case, the majority correctly holds that state action immunity applies. I therefore concur in the majority’s state action analysis and its conclusion that Danner and Gateway’s antitrust claims must be dismissed.

. For a conflict to exist, of course, the conduct contemplated by the statute or ordinance must also constitute a "hybrid” rather than a "unilateral” restraint. Fisher v. City of Berkeley, 475 U.S. 260, 266-69, 106 S.Ct. 1045, 1049-50, 89 L.Ed.2d 206 (1986); see also 324 *817 Liquor Corp. v. Duffy, 479 U.S. 335, 345 n. 8, 107 S.Ct. 720, 726 n. 8, 93 L.Ed.2d 667 (1987). This is so because a unilateral restraint cannot conflict with Section 1 in light of the fact that it lacks the necessary element of concerted action. Fisher, 475 U.S. at 266-69, 106 S.Ct. at 1049-50.

. This is typical because resolution of the state action immunity issue may avoid the sometimes-thorny question of whether the conduct contemplated by the statute or ordinance falls within a category of restraints that are per se illegal, or failing that, having to undertake the fact-intensive inquiry required by the rule of reason.

. At oral argument, Danner and Gateway declined to label their challenge. I read their complaint, however, as only a challenge to how the county has applied the ordinance. On its face, the ordinance does not limit the number of exclusive franchisees. The county could therefore grant franchises to all players in the marketplace, including Gateway. Neither does the ordinance mandate or provide a formula by which the county must set residential rates. The ordinance therefore does not require the county to set the "below market" residential rates that allegedly force the franchisees to collude on the commercial side of their businesses.